UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

|   |   |
|---|---|
| CATERPILLAR INC.<br><br>Plaintiff,<br><br>v.<br><br>ENTEC ENGINE CORPORATION,<br>a corporation; and<br>CLYDE C. BRYANT, an individual,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Caterpillar Inc. ("Caterpillar"), for its claims against Defendant Entec Engine Corporation ("Entec") and Clyde C. Bryant ("Bryant") alleges as follows:

**THE PARTIES**

1. Caterpillar is a Delaware corporation with its principal place of business in this judicial district at 100 NE Adams Street, Peoria, Illinois 61629.

2. Caterpillar is the world's leading manufacturer of construction and mining equipment, diesel and natural gas engines, and industrial gas turbines. Caterpillar manufactures five different lines of on-highway engines.

3. On information and belief, Entec is a Georgia corporation with its principal place of business at 100 Galleria Parkway, Suite 400, Atlanta, Georgia 30309.

4. On information and belief, Entec is an intellectual property holding company, which has no manufacturing capability but holds an exclusive license to the patents that are the subject of this action.

5. On information and belief, Bryant is a United States citizen residing at 410 Trammell Drive, Alpharetta, Georgia 30004, and is the owner of the patents that are the subject of this action.

## JURISDICTION

6. Caterpillar files this action against Entec and Bryant for declaratory relief under 28 U.S.C. Sections 2201-2202. This Court has subject matter jurisdiction over this declaratory judgment action under 28 U.S.C. Sections 1332 and 1338.

7. Caterpillar's principal place of business is within this judicial district, and Entec and Bryant have accused Caterpillar of performing acts of patent infringement within this judicial district.

8. Entec, Bryant and/or their agents and representatives have sent letters to Caterpillar within this judicial district, accusing Caterpillar of patent infringement and other wrongdoing, including misappropriation of Entec's alleged trade secret information.

9. On or about December 16, 1999, Entec's then-Chief Financial Officer, Michael Addison, signed on behalf of Entec an agreement with Caterpillar that facilitated a meeting with Caterpillar in this judicial district and forms part of the underlying facts of Entec's trade secret misappropriation allegations against Caterpillar and the claims in this action.

10. Officers of Entec — including Entec's chairman, Defendant Clyde C. Bryant; Entec's then-Chief Financial Officer, Michael Addison; and Entec's current Vice-Chairman and current Chief Financial Officer, Lanny Clark — personally visited this judicial district to attempt to sell Entec's alleged technology to Caterpillar.

11. The claims in this Declaratory Judgment action arise from and relate to Entec's activities within this judicial district, including conduct by Defendant Bryant and other Entec agents and/or representatives in a personal meeting with Caterpillar in this judicial district, during which Bryant and Entec allegedly disclosed to Caterpillar certain "technology" and/or other confidential information that they now assert as the basis of their patent infringement and trade secret misappropriation allegations against Caterpillar, which are the subject of this action.

12. Entec filed requests for reexamination of two of Caterpillar's patents in the United States Patent and Trademark Office ("USPTO") in an attempt to demonstrate that Entec's patents

disclose the same technology claimed in Caterpillar's patents, and to thereby imply that Entec's patents cover one or more of Caterpillar's engine products.

13. Entec, Bryant and Caterpillar met in an attempt to resolve this dispute on December 1, 2005 and again on December 14, 2005. Both attempts were unsuccessful.

14. The amount in controversy exceeds $75,000, exclusive of interest and costs, is between citizens of different states, and involves issues of infringement of two U.S. patents.

## VENUE

15. Venue is proper under 28 U.S.C. Sections 1391(a)(2) and (b)(2).

## FACTUAL ALLEGATIONS

16. In late 1999, Entec contacted Caterpillar and requested a meeting in order to show Entec's alleged emissions-reducing engine technology to Caterpillar.

17. On December 16, 1999, Michael Addison, then the Chief Financial Officer of Entec, signed a "Nondisclosure Agreement" on behalf of Entec as a precondition for Caterpillar's attending the requested meeting (the "Agreement"). In that Agreement, Entec agreed not to disclose any confidential information that Caterpillar would provide to Entec in the meeting. Also in that Agreement, Entec agreed not to disclose to Caterpillar any confidential or proprietary information unless Caterpillar "first agrees in a writing specifically referencing this Agreement." Caterpillar never agreed, in a writing specifically referencing the Agreement, to accept confidential or proprietary information from Entec.

18. On January 20, 2000, Entec's Clyde Bryant, Michael Addison, and Lanny Clark personally attended a meeting in Peoria, Illinois with John Clarke and Ashok Chanda of Caterpillar (the "Peoria Meeting"). This meeting initiated the events that form the basis for the claims in this Declaratory Judgment action.

19. On information and belief, during the Peoria Meeting, Entec's representatives tried to interest Caterpillar's representatives in taking a license to Entec technology. Defendant Bryant and the other Entec agents and representatives who attended that meeting now assert that, at the Peoria Meeting,

they disclosed to Caterpillar certain "technology" and/or other confidential information that gives rise to and is the subject of their patent infringement and trade secret misappropriations allegations against Caterpillar. To the extent Entec made any such disclosures, however, it was not pursuant to any agreement that such information was confidential and would be maintained in confidence. Indeed, as alleged in Paragraph 17 above, Entec agreed *not* to disclose any confidential information to Caterpillar absent a writing from Caterpillar specifically referencing the Agreement – something that never occurred.

20. Shortly after the Peoria Meeting, Caterpillar informed Entec that Caterpillar was not interested in Entec's technology.

21. In a letter dated April 20, 2000, counsel for Entec wrote to Caterpillar, urged that Entec's technology was "potentially still 'good enough' (and valuable to Caterpillar)," and offered to allow Caterpillar to "develop and use Entec's technology under license." He asked Caterpillar to "recall the confidential and proprietary manner in which Caterpillar agreed to disclose Entec's technology and Entec's know-how to you," and cautioned Caterpillar against using or disclosing Entec's technology.

22. Caterpillar's counsel responded in a letter dated May 4, 2000, reiterating that Caterpillar was not interested in pursuing a license or other business relationship with Entec.

23. In a letter dated June 16, 2003, counsel for Entec accused Caterpillar of infringing Entec's U.S. Patent No. 6,279,550 ("the '550 patent") with engines using Caterpillar's Advanced Combustion Emissions Reductions Technology ("ACERT®"). In this same letter, Entec's counsel also accused Caterpillar of misappropriating Entec's technology — technology allegedly disclosed by Entec, Bryant, and other Entec agents and representatives in the form of confidential information during the Peoria Meeting — and of "trying to cover up" its alleged use of Entec's technology. The letter stated, "Caterpillar is apparently now using Entec's patented technology" and alleged that the "technology was presented to [Caterpillar] by Entec on January 20, 2000 and . . . is covered by very broad claims in Entec's patents." The letter was accompanied by a copy of the '550 patent and a list of Entec patents and applications showing that the '550 patent was Entec's only U.S. patent. A copy of the '550 patent is attached to this Complaint as Exhibit A.

24. Caterpillar responded in a letter dated August 1, 2003, explaining that Caterpillar does not practice any invention claimed in the '550 patent, that Entec had agreed not to disclose any confidential information to Caterpillar without a signed writing referencing the Nondisclosure Agreement, that Entec had not obtained such a writing before the Peoria Meeting, that any information Entec may have disclosed to Caterpillar at the Peoria Meeting was in the public domain because of the earlier publication of Entec's international patent applications (including International Patent Application Publication No. WO98/02653), and that Caterpillar had not misappropriated any of Entec's confidential information or breached any obligations it may have had to Entec. In that letter, Caterpillar also requested a copy of any confidential information that Entec alleged it provided to Caterpillar at the Peoria Meeting, as well as "a document applying, with particularity, each and every element of any '550 [patent] claim to any engine sold or produced by Caterpillar." Entec has never provided any such documents to Caterpillar.

25. Counsel for Entec sent Caterpillar a letter dated October 29, 2003, rejecting Caterpillar's denial that it infringed the '550 patent or violated any obligations to Entec. This letter again alleged that Caterpillar used "the ENTEC technology (including the '550 patent and other patents and allowed applications)."

26. Caterpillar responded in a letter dated January 27, 2004, once again declining Entec's offer of license and denying that it "violated any intellectual property rights of ENTEC or failed to abide by any actual or implied obligations to ENTEC." With that letter, Caterpillar also provided a copy of Caterpillar's U.S. Patent Application Publication No. 2003/0213462.

27. On February 10, 2004, Caterpillar's U.S. Patent Application Publication No. 2003/0213462, which was cited in Caterpillar's letter of January 27, 2004 to Entec, issued as U.S. Patent No. 6,688,280 ("the '280 patent").

28. On May 31, 2004, Entec's counsel responded to Caterpillar's January 27, 2004 letter, reiterating Entec's license offer and rejecting "any erroneous assumption that Entec might acquiesce in the positions of Caterpillar expressed in that letter and your earlier communications with this firm."

29. On August 27, 2004, Entec requested that the USPTO reexamine Caterpillar's U.S. Patent No. 6,651,618 ("the '618 patent"), which relates to Caterpillar's engine technology, citing Entec's WO98/02653 publication as the primary prior art reference and identifying Bryant as the "real party in interest."

30. On September 8, 2004, Entec and Bryant filed a preliminary amendment in the USPTO in their patent application no. 10/935,812, which claims priority to most of the same applications as Entec's '550 patent. In this preliminary amendment, Entec and Bryant added claims to their application that were substantially the same as claims from Caterpillar's '280 and '618 patents. Caterpillar reasonably understood that Entec and Bryant copied these claims from Caterpillar's patents for the purpose of asserting these claims against Caterpillar.

31. On September 17, 2004, Entec requested that the USPTO reexamine Caterpillar's '280 patent, citing Entec's WO98/02653 publication as the primary prior art reference and identifying Bryant as the "real party in interest."

32. On September 23, 2004, Entec's counsel again wrote to Caterpillar, informing Caterpillar of Entec's requests for reexamination of the '618 and '280 patents and stating, "We understand Caterpillar's position is that these patent applications accurately describe the methods and apparatus used by Caterpillar in [serially turbo charged ACERT®] engines." Caterpillar reasonably understood this statement as Entec's assertion that its filing of the requests for reexamination initiated more than just a battle over Caterpillar's patent rights, but rather was an attempt by Entec to demonstrate that it owned patent rights to Caterpillar's technology.

33. Several newspaper articles published after Entec's requests for reexamination of Caterpillar's patents assert that Entec's patents cover key technologies in Caterpillar's ACERT® engines. For example, on December 19, 2004, the *Atlanta Journal-Constitution* inaccurately reported that the U.S. Patent Office declared that Caterpillar patents "infringe on ideas previously patented by Bryant." On January 29, 2005, the *Atlanta Journal-Constitution* erroneously reported that "Clyde Bryant of Alpharetta argued successfully that Caterpillar violated his patent." On March 4, 2005, Cox News

Service reported that Mr. Bryant "charged last year that key technology underlying ACERT's[®] fuel economy and reduced emissions was described in a patent he obtained in 2001."

34. On October 4, 2005, the USPTO granted Entec U.S. Patent No. 6,951,211 ("the '211 patent"). The '211 patent claims priority to the application that issued as Entec's '550 patent and claims subject matter closely related to that claimed in the '550 patent. Caterpillar reasonably understood the application that issued as the '211 patent to be among the applications generically referred to in Entec's letter of October 29, 2003 as applications covering technology used by Caterpillar. A copy of the '211 patent is attached as Exhibit B.

35. Representatives of Caterpillar met with Entec and Bryant on December 1, 2005 and again on December 14, 2005 in an attempt to resolve the dispute created by Entec's allegations of patent infringement (including allegations of infringement of Entec's '550 and '211 patents) and trade secret misappropriation. Those efforts were unsuccessful. Settlement negotiations have been terminated.

## FIRST CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

36. Caterpillar realleges and incorporates the allegations of paragraphs 1 through 35.

37. Caterpillar does not directly infringe and has not directly infringed, does not induce and has not induced infringement of, and does not contribute to and has not contributed to the infringement of any valid and enforceable claim of Entec's '550 patent under 35 U.S.C. Section 271.

38. Caterpillar does not directly infringe and has not directly infringed, does not induce and has not induced infringement of, and does not contribute to and has not contributed to the infringement of any valid and enforceable claim of Entec's '211 patent under 35 U.S.C. Section 271.

39. Based on Entec's and Bryant's actions, including accusations of patent infringement, and the termination of settlement negotiations, Caterpillar reasonably apprehends an impending lawsuit on Entec's and Bryant's claims of patent infringement arising out of Caterpillar's manufacture and sales of its ACERT® engines.

40. Entec's and Bryant's actions have created an actual, justiciable controversy between the parties regarding Caterpillar's sales of its ACERT® engines and Entec's claims of patent infringement.

## SECOND CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF NO TRADE SECRET MISAPPROPRIATION

41. Caterpillar realleges and incorporates the allegations of paragraphs 1 through 35.

42. Entec and Bryant did not disclose to Caterpillar any trade secret information within the meaning of the Illinois Trade Secrets Act, 765 ILCS 1065.

43. Caterpillar has not misappropriated from Entec any trade secret information within the meaning of the Illinois Trade Secrets Act, 765 ILCS 1065.

44. Based on Entec's and Bryant's actions, including accusations of trade secret misappropriation, and the termination of settlement communications, Caterpillar reasonably apprehends an impending lawsuit on Entec's claim of trade secret misappropriation arising out of Caterpillar's development of its ACERT® technology.

45. Entec's and Bryant's actions have created an actual, justiciable controversy between the parties regarding Caterpillar's development of its ACERT® technology and Entec's claims of trade secret misappropriation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Caterpillar prays the Court enter judgment in its favor and against Defendants as follows:

A. A declaration that Caterpillar has not directly or indirectly infringed and does not directly or indirectly infringe any valid and enforceable claim of Entec's '550 patent;

B. A declaration that Caterpillar has not directly or indirectly infringed and does not directly or indirectly infringe any valid and enforceable claim of Entec's '211 patent;

      C.      A declaration that Caterpillar has not misappropriated any trade secret information of Entec;

      D.      An award of costs under Fed. R. Civ. P. 54(d); and

      E.      Such other and further relief as the Court deems just and equitable under the circumstances.

      Respectfully submitted,

      s/Robert G. Abrams

ROBERT G. ABRAMS (Lead Counsel)
HOWREY LLP
1299 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 783-0800
Facsimile: (202) 383-6610
abramsr@howrey.com

WILLIAM C. ROOKLIDGE
MARTHA K. GOODING
MICHAEL J. STIMSON
HOWREY LLP
2020 Main Street
Irvine, California 92614-8200
Telephone: (949) 721-6900
Facsimile: (949) 721-6910
rooklidgew@howrey.com
goodingm@howrey.com
stimsonm@howrey.com

TIMOTHY L. BERTSCHY
ROBERT M. BENNETT
HEYL, ROYSTER, VOELKER & ALLEN
124 SW Adams Street, Suite 600
Peoria, IL 61602
Telephone: (309) 676-0400
Facsimile: (309) 676-3374
tbertschy@hrva.com
rbennett@hrva.com

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Caterpillar Inc.

## DEFENDANTS
Entec Engine Corporation, a corporation; and Clyde C. Bryant, an individual

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert G. Abrams, HOWREY, LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004    (202) 783-0800 (telephone)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☒ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. Secs. 2201-02, 1332 and 1338 and 35 U.S.C. Sec. 271
Brief description of cause:
Declaratory judgment action relating to patents and alleged trade secret misappropriation.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    **DEMAND $** Declaratory relief    CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): N    JUDGE _____ (NO RELATED CASE)    DOCKET NUMBER _____

DATE: 12/21/05    SIGNATURE OF ATTORNEY OF RECORD: s/Timothy L. Bertschy

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.       Example:       U.S. Civil Statute: 47 USC 553
                                                          Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.